# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TENNESSEE
# WESTERN DIVISION

| | |
|---|---|
| CYNTHIA COLEMAN, | ) |
| Plaintiff, | ) ) ) |
| v. | ) ) No. 2:17-cv-02524-SHL-tmp |
| THE JUVENILE COURT OF MEMPHIS AND SHELBY COUNTY TN, | ) ) ) ) |
| Defendant. | ) ) |

## ORDER ADOPTING MAGISTRATE'S REPORT AND RECOMMENDATION AND DISMISSING PLAINTIFF'S COMPLAINT

Before the Court is Magistrate Judge Tu Pham's Report and Recommendation, ("Report"), (ECF No. 7), filed August 29, 2017, recommending that the Court dismiss *sua sponte* Plaintiff's *pro se* Complaint for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) and for lack of subject matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(h)(3). Plaintiff filed Objectives [sic] ("Objections") to the Report on September 7, 2017, seeking to add new parties to her Complaint. (ECF No. 8.) For the reasons discussed below, Ms. Coleman's Objections are **OVERRULED** and the Court **ADOPTS** Judge Pham's Report. Thus, this matter is **DISMISSED**.

## BACKGROUND

The following facts are taken from Plaintiff's Complaint and Judge Pham's Report and accepted as true for purposes of this order.[1] Cynthia Coleman filed her Complaint on July 21,

---

[1] Ms. Coleman does not object to Judge Pham's factual conclusions.

1

2017, alleging violations of her civil rights under 42 U.S.C. § 1983, naming the Juvenile Court of Memphis and Shelby County, Tennessee as the sole defendant. (ECF. No. 7 at 2.) Her claim arises out of a Juvenile Court Order denying her custody of her child. (ECF No. 1 at 18.) The Juvenile Court found that Ms. Coleman had drug abuse and mental health issues that would prevent her from "provid[ing] adequate care, support and supervision of said child" and awarded custody to the child's father. (ECF No. 1-3 at 1.) However, Ms. Coleman alleges that the Juvenile Court discriminated against her based on race, sex, age, and religion during its custody determination. (ECF No. 1-2 at 7, 9.)

On July 21, 2017, Ms. Coleman filed an Application to Proceed in District Court without Prepaying Fees or Costs ("Motion to Proceed *In Forma Pauperis*"). (ECF No. 2.) Judge Pham granted the Motion to Proceed *In Forma Pauperis* on August 15, 2017, (ECF No. 6), and filed his Report recommending dismissal on August 29, 2017 (ECF No. 7).

## **ANALYSIS**

A magistrate judge may submit to the district court proposed findings of fact and recommendations for dismissal of an action. 28 U.S.C. § 636(b)(1). A district court reviews *de novo* only those proposed findings of fact or conclusions of law to which a party specifically objects. Id.; see also Fed. R. Civ. P. 72(b)(3). A party may file specific objections to the proposed findings and recommendations within 14 days of being served with the recommendations. Fed. R. Civ. P. 72(b)(2); 28 U.S.C. § 636(b)(1).

Here, Ms. Coleman only objected to Judge Pham's conclusion that she failed to state a claim. More specifically, Judge Pham concluded that because "a state court is not a 'person' for purposes of 42 U.S.C. § 1983" and because Juvenile Court of Memphis and Shelby County is the named Defendant here, Plaintiff's case should be dismissed. (ECF No. 7 at 4.) Ms. Coleman seeks to cure this deficiency in her Objection by adding two new individuals to the claim: "[t]he

defendants in the Juvenile Court of Memphis and Shelby County who violated my civil rights under 42 U.S.C. 1983 are Lisa Zacharias and Larry Crawford." (ECF No. 8 at 2.)

First, Judge Pham's conclusion that the Juvenile Court is not a person for purposes of §1983 is correct and is not objected to by Ms. Coleman. Rather, Ms. Coleman's "objections" are actually an attempt to add defendants to her Complaint, and thus the Court will read her objections as a proposed amendment. It is true that the Court should freely grant motions to amend when justice requires. Fed. R. Civ. P. 15(a)(2). However, courts should not permit futile amendments. See Forman v. Davis, 371 U.S. 178, 182 (1962); Parchman v. SLM Corporation, 896 F.3d 728, 737 (6th Cir. 2018).

Here, even liberally reading her amendment, adding these defendants, Lisa Zacharias and Larry Crawford, does not cure the deficiencies identified by Judge Pham. To proceed under § 1983, the defendants must be state actors and they must have deprived the plaintiff of a constitutional right. See 42 U.S.C. § 1983. Here, there is no allegation that these individuals were state actors, and no allegation that they deprived Ms. Coleman of a constitutional right.

As for Ms. Zacharias, Ms. Coleman alleges that Ms. Zacharias confronted her in a courthouse hallway, was rude to her, and told her that, because the father of her child was older and a man, he deserved custody. (ECF No.8 at 2.) Though Ms. Coleman attaches documents indicating that Ms. Zacharias was the guardian ad litem in the custody hearings at issue, (id. at 6), there is no connection between Ms. Zacharias's position and the Juvenile Court's decision to deny her custody (id. at 2). Similarly, though Ms. Coleman attaches documents indicating that Mr. Crawford was at one time a special advocate in the relevant case, she makes no connection between this position and the Juvenile Court's decision to deny her custody, alleging only that Mr. Crawford spoke to her in her home about the custody issue. (Id. at 2–4.)

Merely amending the Complaint to include individual defendants who played a role in the proceeding does not suffice to cure the defects Judge Pham identified.  Indeed, it is unclear that these individuals were state actors in this context.[2]  Ms. Coleman's original claim, that the Juvenile Court's decision to deny her custody was rooted in racism, sexism, ageism, and religious animus, remains the same, and the connection to these new defendants is tenuous, at best.  Thus, her Objection, even when read as an attempted amendment to the Complaint, must be **OVERRULED**.

The Court also lacks subject matter jurisdiction over this matter.  In his report, Judge Pham applied the Rooker-Feldman doctrine, finding that "[b]ecause Coleman's suit is one for damages resulting from harm caused by a state court decision, this court lacks subject matter jurisdiction."  (ECF No. 7 at 5.)  Ms. Coleman does not object to Judge Pham's conclusions as to Rooker-Feldman, and the Court finds no clear error in Judge Pham's analysis.  Therefore, Ms. Coleman's case is also dismissed because it is rooted in alleged harm caused by a state court decision that this Court does not have jurisdiction to review.

## **CONCLUSION**

The Court recognizes the difficulties Plaintiff has suffered due to the custody dispute.  However, because she has failed to provide any legally or factually sufficient reason for the Court to modify or reject Judge Pham's conclusions, Ms. Coleman's Objections are **OVERRULED**, and Judge Pham's Report is **ADOPTED**.  This matter is **DISMISSED**.

**IT IS SO ORDERED**, this 25th day of October, 2018.

>s/ Sheryl H. Lipman
>SHERYL H. LIPMAN
>UNITED STATES DISTRICT JUDGE

---

[2] Because Ms. Coleman makes no connection between the new proposed defendants and the deprived right, the Court does not engage in a full analysis of the state actor requirement of § 1983.